IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VS. | NO. 3: 10-CR-4 (CAR) |
| SAXTON PEELE, | VIOLATIONS:  Firearms Related |
| Defendant | |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. Defendant Saxton Peele was represented by Ms. Cynthia Roseberry, the Federal Defender; the United States was represented by Assistant U. S. Attorney Graham A. Thorpe. Based upon the evidence proffered to the court on behalf of the parties, as well as the Pretrial Service Report of the U. S. Probation Office, District of Colorado, dated March 12, 2010, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ (1)  There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1)  There is a serious risk that the defendant will not appear.

☒ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the aforementioned Pretrial Services Report, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the defendant's future appearance in court and the safety of the community were he to be released from custody. Defendant Peele has ties to the Orangeburg, South Carolina area and the Denver, Colorado area but does not appear to have any ties to the Middle District of Georgia. The offenses charged against the defendant herein are serious ones for which long-term incarceration can be expected in the event of conviction. The defendant's estimated sentencing guideline range is 92 months to 115. The weight of evidence appear to be strong: a firearm was found in the possession of defendant Peele at a traffic stop in Greene County, Georgia; he admitted that the firearm was his.

The defendant has an extensive record of arrests and convictions going back to 1991 when he was a juvenile. His adult convictions include POSSESSION OF A SCHEDULE I OR II CONTROLLED SUBSTANCE (Cocaine), 1995, Denver County District Court, Denver, Colorado; AGGRAVATED ROBBERY-USE OF A DEADLY WEAPON, 1996, Arapahoe County District Court, Englewood, Colorado; and, POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE: 1 GRAM//LESS, 2010, Denver County District Court, Denver, Colorado.

For the foregoing reasons, the undersigned finds that pretrial detention is mandated.

## PART III  -  DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 15th day of APRIL, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE