**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **SAXTON PEELE,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **NO. 3:10-CR-00004 (CAR)** |
| **VS.** | : | **NO. 3:11-CR-90113 (CAR)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **Proceedings Under 28 U.S.C. § 2255** |
| | : | **Before the U.S. Magistrate Judge** |
| **Respondent.** | : | |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Saxton Peele's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 35. Petitioner pleaded guilty to one count of possession of a firearm by a convicted felon and was sentenced to 100 months imprisonment. In his motion, Petitioner contends (1) that the Court erred by applying a four-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(4) due to the firearm's obliterated serial number, and (2) that his counsel was ineffective for failing to object to the four-level sentencing enhancement and for failing to file an appeal based on the application of the sentencing enhancement. Because Petitioner's claim that the Court erred in applying the four-level sentencing enhancement is procedurally defaulted and because Petitioner has failed to show that counsel's performance constitutes ineffective assistance of counsel, Petitioner is not entitled to relief. Additionally, Petitioner has failed to show that counsel's failure to inform him of the potential four-level enhancement rendered his guilty plea involuntary. Accordingly, it is hereby **RECOMMENDED** that Petitioner's motion be **DENIED**.

1

BACKGROUND

1. **Course of Proceedings**

On February 10, 2010, a two-count indictment was returned in this Court charging Petitioner Saxton Peele with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a) and one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) and 924(a)(1)(B). Doc. 1. On April 14, 2010, Petitioner appeared before the Court for arraignment and entered a not guilty plea to all charges. Doc. 11. At arraignment, the Federal Defenders Office was appointed to represent Petitioner, and Federal Defender Cynthia Roseberry entered her appearance as Petitioner's counsel on April 19, 2010. Doc. 17.

Following discovery, Petitioner filed a motion to suppress the firearm on May 19, 2010. Doc. 20. After conducting a hearing, the Court denied Petitioner's motion to suppress on June 7, 2010. Doc. 22. Petitioner then entered into a plea agreement on June 30, 2010. Doc. 27. Petitioner agreed to plead guilty to Count One charging him with possession of a firearm by a convicted felon in exchange for the Government's dismissal of Count Two charging him with possession of a firearm with an obliterated serial number. Id.

Prior to sentencing, probation prepared a Presentence Investigation Report (PSR) calculating Petitioner's sentencing guideline range. Based on the findings of the PSR, Petitioner had a total offense level of 25 and a criminal history category of V. PSR at 13. Petitioner's base offense level was 24, but a four-level enhancement was added pursuant to U.S.S.G. § 2K2.1(b)(4)(B) because the firearm contained an obliterated serial number. Id. at 3. Petitioner also received a three-level reduction for acceptance of responsibility, giving him a total offense

level of 25. Id. at 4, 13. Petitioner's sentencing guideline range was therefore 100-125 months, reduced to 100-120 months because of the statutory maximum sentence. Id. at 13.

Petitioner appeared in court for sentencing on September 29, 2010. Doc. 31. At sentencing, Petitioner objected to the PSR's calculation of his criminal history. Doc. 45. Petitioner also prepared a sentencing memorandum detailing hardships that he experienced throughout life and the circumstances surrounding his prior arrests and convictions. Doc. 30. Petitioner argued that a reasonable sentencing range for him under these circumstances was far less than the sentencing range calculated by the PSR. Id. Based on the memorandum and the objections to the PSR, Petitioner argued that he should be sentenced to a range of 36-48 months. Doc. 45. The Court rejected Petitioner's arguments and sentenced him to the low-end of the guideline range of 100 months imprisonment followed by three years of supervised release. Docs. 31, 45. Petitioner did not file a direct appeal. On September 26, 2011, Petitioner filed the instant Section 2255 motion. Doc. 35.

### 2. The Plea Agreement

On June 30, 2010, Petitioner signed a written plea agreement in which he agreed to plead guilty to Count One charging him with possession of a firearm by a convicted felon in exchange for the Government's dismissal of Count Two charging him with possession of a firearm with an obliterated serial number. Doc. 27. By signing the plea agreement, Petitioner agreed that he understood the following: (1) that he was knowingly and voluntarily entering a plea of guilty to Count One; (2) that his guilty plea subjected him to a maximum of ten years imprisonment; (3) that the Court was not bound by any sentencing estimates provided by Petitioner's counsel or the Government; (4) that he would not be able to withdraw his plea because he received an estimated guideline range from his counsel or the Government that was different than that computed in his

PSR; (5) that the Court would not be able to determine the appropriate guideline range until after a PSR was completed; (6) that the Court had the authority under certain circumstances to impose a sentence that was more or less severe than the sentence called for by the guidelines; and (7) that he waived his right to appeal or collaterally attack his sentence except in limited circumstances. Id. at ¶¶ 3(A)-(H). The plea agreement also stated that "[n]othing herein limits the sentencing discretion of the Court." Id. at ¶ 5.

The plea agreement also stipulated the facts giving rise to the charge in Count One of the indictment. The stipulation was entered into, however, "in good faith with all parties understanding that the stipulation is not binding on the Court." Id. at ¶ 7. The parties stipulated that on March 16, 2007, police officers stopped Petitioner's vehicle for a traffic violation. Id. During the stop, a police officer noticed the odor of a masking agent coming from Petitioner's vehicle and believed that the passengers' statements were in conflict with Petitioner's statements. Id. A canine unit arrived at the scene to conduct a free air sniff, and the canine gave a final odor response on the trunk and front passenger door of the vehicle. Id. Officers then searched the vehicle and located a Browning Buckmark .22 caliber pistol under the driver's seat. Id. Petitioner stated that the firearm belonged to him. Id. Petitioner admitted in the stipulation of facts that he knowingly possessed the firearm and possessed it after having been convicted of aggravated robbery in 1996. Id.

Petitioner and his attorney signed the plea agreement. By signing the agreement, Petitioner confirmed that he discussed the agreement with his attorney and that he fully understood the agreement and agreed to all terms. Doc. 27.

### 3. The Evidentiary Hearing

On November 16, 2012, the Court conducted an evidentiary hearing regarding Petitioner's claims for relief under Section 2255. Doc. 46. Both Petitioner and trial counsel Cynthia Roseberry testified at the hearing. Based on the testimony at the hearing, the Court makes the following factual determinations.

Ms. Roseberry has practiced law in Georgia for approximately sixteen years, including the last four years practicing as the Federal Defender for the Middle District of Georgia. After being appointed to represent Petitioner, Ms. Roseberry reviewed the evidence against Petitioner, conducted legal research, and determined that Petitioner's best defense against the charges was to challenge the stop, search, and seizure of Petitioner's vehicle. As such, Ms. Roseberry filed a motion to suppress the firearm based on an unlawful stop, search, and seizure. A hearing was held on the motion, and the Court denied the motion to suppress. Following the denial of the motion to suppress, Ms. Roseberry believed that Petitioner's best option was to enter into a plea agreement with the Government. Petitioner then agreed to enter into a plea agreement in which he agreed to plead guilty to possession of a firearm by a convicted felon in exchange for the Government's dismissal of the possession of a firearm with an obliterated serial number charge. The parties agreed to omit any mention of the obliterated serial number in the stipulation of facts contained in the plea agreement. Although Ms. Roseberry did not specifically recall informing Petitioner that the dismissed count could be considered at sentencing as relevant conduct under the sentencing guidelines, Ms. Roseberry stated that she generally informs her clients of those issues.

After Petitioner entered his guilty plea, Ms. Roseberry received Petitioner's PSR and discussed the PSR with Petitioner. After reviewing the PSR, Ms. Roseberry decided to object to

Petitioner's criminal history as described in the PSR. Ms. Roseberry decided not to object to the four-level enhancement for the obliterated serial number because she did not believe there was merit to the objection. Specifically, Ms. Roseberry believed the objection was meritless because the sentencing guidelines commentary states that the four-level enhancement for an obliterated serial number on a firearm applies regardless of whether the defendant knew or had reason to believe that the firearm had an altered or obliterated serial number. Ms. Roseberry also testified that, although Petitioner's appeal would have been handled by the appeals division of the Federal Defenders Office, she did not believe there were any meritorious issues to be raise on appeal.

Petitioner testified at the hearing that he did not recall any discussions with Ms. Roseberry regarding the potential four-level enhancement prior to sentencing. Petitioner also stated that he believed that the obliterated serial number would have no impact on his sentence because Count Two charging him with possession of a firearm with an obliterated serial number was dismissed pursuant to the plea agreement. Petitioner further testified, however, that he was under the belief that Ms. Roseberry would speak with the Government to ensure that the enhancement would not apply. Petitioner stated that he was surprised when the Court applied the enhancement. Despite being upset that the Court applied the enhancement, Petitioner did not request that Ms. Roseberry file an appeal.

The Court does not find Petitioner's statements regarding the lack of discussion with Ms. Roseberry about the enhancement credible due to contradicting testimony. Although Petitioner testified at one point that there were no discussions about the enhancement, Petitioner later stated that he believed that Ms. Roseberry would get the Government to ensure that the enhancement would not apply. As such, the Court does not find Petitioner's testimony credible.

Petitioner alleges two grounds for relief. Ground One contends that the Court erred by applying a four-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(4) based on the firearm's obliterated serial number. Ground Two contends that counsel was ineffective for failing to object to the four-level sentencing enhancement and for failing to file an appeal based on the application of the sentencing enhancement. Because Petitioner's claim that the Court erred in applying the four-level sentencing enhancement is procedurally defaulted and because Petitioner has failed to show that counsel's performance constitutes ineffective assistance of counsel, Petitioner is not entitled to relief. Additionally, Petitioner has failed to show that counsel's alleged failure to inform him of the potential four-level enhancement rendered his guilty plea involuntary.

**1. Ground One**

In Ground One, Petitioner contends that that the Court erred by applying a four-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(4) due to the firearm's obliterated serial number. Because Petitioner did not raise this issue on direct appeal, Ground One is procedurally defaulted.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)). In this case, it is undisputed that Petitioner failed to raise this issue on direct appeal, as a direct appeal was not filed. As such, Ground One is procedurally defaulted.

Procedural default can be excused if a petitioner establishes one of the two exceptions to the procedural default rule. Id. Under the first exception, a petitioner may overcome procedural default by showing "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." Lynn, 365 F.3d at 1234. Under the second exception, a petitioner may overcome procedural default by showing that he is actually innocent. McKay, 675 F.3d at 1196. To show actual innocence, the petitioner must establish that he is actually innocent of the crime, or in the capital sentencing context, that his is actually innocent of the sentence. Id. The actual innocence exception applies only to claims of factual innocence, as legal innocence is insufficient. Id. at 1197-98. Although the Eleventh Circuit has not specifically extended the actual innocence exception to the context of non-capital sentencing, many actual innocence claims in the context of non-capital sentencing fail because they are claims of legal innocence rather than factual innocence. See, e.g., id. at 1198; Rivers v. United States, 476 Fed. Appx. 848, 850 (11th Cir. 2012).

In this case, Petitioner has failed to establish an excuse for his procedural default. Petitioner has not argued that he is entitled to the actual innocence exception. Moreover, a claim that Petitioner is actually innocent of the four-level enhancement due to a lack of knowledge of the obliterated serial number would be one of legal innocence rather than factual innocence. As such, Petitioner is not entitled to the actual innocence exception.

Petitioner has also failed to show cause and prejudice for his failure to raise the claim on direct appeal. Petitioner appears to allege cause and prejudice through ineffective assistance of counsel for failing to file a direct appeal. Cause for procedural default can be established through ineffective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986). As discussed below, however, Petitioner has failed to show that counsel was ineffective for failing to appeal

his sentence based on the Court's application of the four-level enhancement. Accordingly, Petitioner is not entitled to relief on Ground One.

## 2. Ground Two

In Ground Two, Petitioner alleges that his counsel was ineffective for failing to object to the four-level sentencing enhancement and for failing to file an appeal based on the application of the sentencing enhancement. Because the four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4) applies in Petitioner's case, counsel was not ineffective for failing to object to the enhancement and failing to raise the issue on appeal.

The Sixth Amendment of the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy…the Assistance of Counsel for his defense." U.S. CONST. amend. VI. The right to counsel provision provides the accused the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of establishing by a preponderance of the evidence that: 1) his attorney's performance was deficient, *and* 2) he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). A petitioner must prove both prongs of the Strickland test to show that his counsel was ineffective. Id.

To establish deficient performance, a petitioner must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). A strong presumption exists that the counsel's performance was reasonable and that the challenged action constituted sound strategy. Id. In order to establish that counsel's performance was unreasonable, a petitioner must show that no objectively competent counsel would take the

action in question. <u>Van Poyck v. Florida Department of Corrections</u>, 290 F.3d 1318, 1322 (11th Cir. 2002). In the context of a guilty plea, a petitioner must demonstrate that counsel's performance was outside the range of competence demanded of attorneys in criminal cases. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985).

To establish prejudice, a petitioner must show there is a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceedings would have been different. <u>Strickland</u>, 466 U.S. at 697; <u>Meeks v. Moore</u>, 216 F.3d 951, 960 (11th Cir. 2000). If a petitioner fails to prove that he has suffered prejudice, the court need not address the deficient performance prong of the <u>Strickland</u> test. <u>Holiday v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000).

In this case, Petitioner has failed to show that counsel was ineffective for failing to object to the four-level enhancement. Petitioner contends that the four-level enhancement should not have applied in his case because he had no knowledge that the firearm had an obliterated serial number. Petitioner contends that he therefore did not have the sufficient *mens rea* to be culpable of the enhancement. The sentencing guidelines state that a four-level enhancement shall be applied when a firearm has an altered or obliterated serial number. U.S.S.G. § 2K2.1(b)(4). Additionally, the commentary to U.S.S.G. § 2K2.1(b)(4) states that "[s]ubsection (b)(4) applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen or had an obliterated serial number." The Eleventh Circuit has stated that "the provisions of Section 2K2.1(b)(4) are unambiguous; there is clearly no mens rea requirement." <u>United States v. Richardson</u>, 8 F.3d 769, 770 (11th Cir. 1993); <u>see</u> <u>also</u> <u>United States v. Starr</u>, 361 Fed. Appx. 60, 61-62 (11th Cir. 2010) (stating that an enhancement under Section 2K2.1(b)(4) does not require knowledge of the obliterated serial number). Because it is undisputed that the firearm contained

an obliterated serial number, the four-level enhancement applies in Petitioner's case. Accordingly, counsel was not deficient for failing to object to the enhancement, and Petitioner was not prejudiced by counsel's performance.

Petitioner has also failed to show that counsel was ineffective for failing to file an appeal based on the application of the four-level enhancement. Although counsel has a constitutional duty to file an appeal when the defendant requests counsel to do so, counsel generally does not have a constitutional obligation to consult with the defendant regarding an appeal. Roe v. Flores-Ortega, 528 U.S. 470, 477-79 (2000); Otero v. United States, 499 F.3d 1267, 1270 (11th Cir. 2007). When the defendant does not reasonably demonstrate to counsel that he wishes to file an appeal, counsel is obligated to consult with the defendant regarding an appeal only when there is reason to think that a rational defendant would want to appeal. Flores-Ortega, 528 U.S. at 480; Otero, 499 F.3d at 1270. In determining whether a rational defendant would want to appeal, the court must consider factors such as whether there are nonfrivolous grounds for appeal, whether the conviction follows a guilty plea, and whether the plea agreement waived some or all appeal rights." Id.

In this case, Petitioner has failed to show that counsel had a constitutional obligation to consult with him regarding filing an appeal. It is undisputed that Petitioner did not request that counsel file an appeal. Additionally, the factors to consider in determining whether a rational defendant would want to appeal his sentence weigh in the Government's favor. As discussed above, an appeal based on the Court's application of the four-level enhancement pursuant to U.S.S.G. § § 2K2.1(b)(4) would have been without merit. Moreover, the conviction and sentence followed a guilty plea that contained an appeal waiver. Although Petitioner contends that the

appeal waiver is not enforceable, Petitioner knowingly waived his right to appeal except in limited circumstances outlined in the plea agreement.

Despite Petitioner's contention, the appeal waiver in the plea agreement is enforceable. Petitioner signed the plea agreement acknowledging that he had read and understood the terms of the agreement, which included that Petitioner waived his right to appeal except in very limited circumstances. Additionally, the Court informed Petitioner at the change of plea hearing that he had waived the right to appeal his sentence except in very limited circumstances. Petitioner stated that he understood and that he freely and voluntarily waived his right to appeal his sentence except in limited circumstances.

In support of his argument, Petitioner relies upon United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993), in which the Eleventh Circuit found an appeal waiver unenforceable because the district court did not adequately inform the defendant that he had waived his right to appeal his sentence. In Bushert, the Eleventh Circuit determined that the district court's statement to the defendant that he had waived his right to appeal under *some* circumstances was insufficient when in fact the defendant had waived his right to appeal under *most* circumstances. Id. at 1352-53. "The district court's statement, however, did not clearly convey to [the defendant] that he was giving up his right to appeal under *most* circumstances." Id. (emphasis in original). In this case, the Court informed Petitioner "that once you plead guilty that you cannot appeal the sentence the court imposes on you except for *very limited* reasons[.]" Doc. 38 at 10 (emphasis added). Petitioner stated that he understood. Because the Court ensured that Petitioner understood that he had waived his right to appeal except for very limited circumstances, Petitioner knowingly and voluntarily waived his right to appeal except in those circumstances. As none of those limited

circumstances are present in this case, Petitioner has failed to show that counsel had reason to believe that a rational defendant would have wanted to appeal.

### 3. Knowing and Voluntary Guilty Plea

Although Petitioner does not raise the issue as a ground for a relief in his motion, Petitioner's supplemental brief argues in part that his guilty plea was not knowing and voluntary because he was not informed that he could be subject to the four-level enhancement prior to entering his guilty plea. Because the Court informed Petitioner at the change of plea hearing of the maximum possible sentence and that the sentence could be greater than anticipated, counsel's alleged failure to inform Petitioner of the potential four-level sentencing enhancement does not undermine the knowing and voluntary nature of Petitioner's guilty plea.

Counsel's failure to explain the possibility of a sentencing enhancement does not render a defendant's guilty plea unknowing and involuntary when the defendant acknowledges to the court at the change of plea hearing that he understands the maximum possible sentence and that the sentence could be greater than anticipated or estimated. See, e.g., United States v. Bradley, 905 F.2d 359, 360 (11th Cir. 2000); United States v. Herrington, 350 Fed. Appx. 363, 369 (11th Cir. 2009); Cuevas v. United States, 2012 WL 1883761 (M.D.Fla. 2012).

In this case, Petitioner has failed to establish that his guilty plea was unknowing or involuntary. Although both counsel and the Government stated at the change of plea hearing that they were unaware of "any issues that might enhance [Petitioner]'s sentence," the Court informed Petitioner that "the Court will not be able to determine the advisory guideline sentence until after the presentence report has been completed[.]" Doc. 38 at 11. Additionally, the Court advised Petitioner that he faced a maximum of ten years imprisonment, and further stated the following:

THE COURT: Do you understand that based upon the Court's findings of fact, the sentence imposed may be different from any estimate your attorney has given you.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand, therefore, that you should not plead guilty based on any estimate that anyone has given you about the sentencing guideline range that might apply to you?

THE DEFENDANT: Yes, Your Honor.

Id. at 10, 11-12. Because the record shows that that Petitioner was aware of his potential sentence and the consequences of his guilty plea, Petitioner has failed to establish that his guilty plea was not voluntarily entered.

Petitioner has also failed to show that counsel's alleged failure to inform him of the potential enhancement constitutes ineffective assistance of counsel. Counsel's mistaken estimate regarding the sentencing guidelines or erroneous sentence estimate does not constitute deficient performance. Cuevas, 2012 WL 1883761 at * 3 (citing United States v. Himick, 139 Fed. Appx. 227, 229 (11th Cir. 2005). As such, counsel's statement at the change of plea hearing that she was unaware any issues that might enhance Petitioner's sentence does not amount to deficient performance.

Moreover, Petitioner has failed to establish that he was prejudiced by counsel's failure to inform him of the potential enhancement. To establish prejudice in the context of a guilty plea, a petitioner must show "that there is a reasonable possibility that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill, 474 U.S. at 58-59. Although Petitioner testified at the evidentiary hearing that he would have insisted on going to trial if he was aware of the potential four-level enhancement, the Court is unpersuaded by Petitioner's testimony. Petitioner failed to raise the issue in his original or amended motion, and

the grounds for relief requested in his motion merely state that he wishes to be resentenced without the four-level enhancement. It was not until the evidentiary hearing and supplemental briefing that Petitioner claimed that he would have insisted on proceeding to trial. As such, Petitioner has failed to show that counsel was ineffective for failing to inform him of the potential four-level enhancement.

## CONCLUSION

For the reasons above, it is hereby **RECOMMENDED** that Petitioner's Section 2255 motion be **DENIED**. In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 23rd day of April, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge